**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DELBERT W. HARGIS, JR.,**

                      **Plaintiff,**

    vs.                                       7:16-CV-00343
                                                    (MAD/ATB)

**MICHAEL WERNER,**

                      **Defendant.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**DELBERT W. HARGIS, JR.**
27882 New York State Route 342
Lott #226
Black River, New York 13612
Plaintiff *pro se*

**OFFICE OF THE JEFFERSON**       **DAVID J. PAULSEN, ESQ.**
**COUNTY ATTORNEY**
175 Arsenal Street
Watertown, New York 13601
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On March 25, 2016, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging that Defendant violated his First Amendment rights in connection with a Jefferson County Family Court child protective proceeding against Plaintiff and his wife. Plaintiff also alleges that Defendant's conduct in the underlying Jefferson County action constitutes a violation of the Model Rules of Professional Conduct and/or New York Judiciary Law.

Currently before the Court are Defendant's motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, *see* Dkt. No. 15-3, and Plaintiff's letter-motion to strike Defendant's motion to dismiss, *see* Dkt. No. 18. Plaintiff filed an affidavit in opposition to Defendant's motion to dismiss on June 2, 2016, *see* Dkt. No. 17, and a memorandum of law in opposition to Defendant's motion to dismiss on June 24, 2016, *see* Dkt. No. 19.

## II. BACKGROUND

According to the complaint, on February 12, 2012 the Child Protective Services Unit of the Jefferson County Department of Social Services ("CPS") began to investigate Plaintiff's household for child abuse, including sexual abuse. *See* Dkt. No. 1 at ¶ 4. Plaintiff contends that the investigation was closed on July 30, 2012 and that CPS concluded in a report that allegations of sexual abuse were unfounded (the "CPS Report"), in part because Plaintiff's two children denied abuse. *See id.* at ¶ 6(a)-(b), (h).

On July 17, 2012, Nicole E. Hargis, Plaintiff's wife and step-mother of Plaintiff's two children, filed a petition with the Jefferson County Family Court in which she asserted that her step-children had been harassing her for years and that she was entitled to an order of protection. *See id.* at ¶ 6(c). On July 19, 2012, Plaintiff's children disclosed to CPS that their step-mother had been sexually abusing them for years. *See id.* at ¶ 6(d). At some point between July 19, 2012 and September 28, 2015, Plaintiff called his children "liars" and called their disclosures of sexual abuse "retaliation." *See id.* at ¶ 6.

Plaintiff contends that Defendant, an attorney with CPS, filed[1] a child protective petition against Plaintiff and Ms. Hargis on August 10, 2012 in Jefferson County Family Court based on the children's July 19, 2012 claims.[2] *See* Dkt. No. 1 at ¶ 6(e). That petition alleges that Ms. Hargis sexually abused her step-children and that Plaintiff neglected to protect his children from the abuse. *See* Dkt. No. 15-2 at 9. Ms. Hargis was subsequently criminally convicted of sexually abusing the children. *See* Dkt. No. 1 at ¶ 6(p)(x).

Plaintiff contends that while the family court proceeding was ongoing he attempted to offer the CPS Report into evidence. *See id.* at ¶ 24. According to Plaintiff, Defendant asserted—and the family court judge initially agreed—that the CPS Report was inadmissible. *See id.* at ¶¶ 26-28. On September 28, 2015, the family court judge issued an overruling decision finding the CPS report admissible. *See id.* at ¶ 29.

On October 7, 2015, Plaintiff and Defendant agreed to a settlement in the family court proceeding whereby Defendant would drop all allegations that Plaintiff knew or should have known about the abuse, *see id.* at ¶ 44, in exchange for Plaintiff's admission that he caused his two minor children to suffer an emotional impairment by calling them "liars" after they disclosed the sexual abuse and that his conduct caused his youngest child—who was born subsequent to the filing of the August 10, 2012 petition—to be derivatively neglected, *see id.* at ¶ 45. Plaintiff contends that after entering into the agreement he learned Defendant misrepresented the law governing emotional impairment by using the dictionary definition of the term in place of the

---

[1] In a sworn affidavit, Defendant notes that he did not commence employment with CPS until September 4, 2012 and therefore did not initiate the August 10, 2012 proceeding on behalf of CPS. *See* Dkt. No. 15-2 at 1-2.

[2] According to Plaintiff, the petition was amended two times: first at an unspecified time, and again in 2015. *See* Dkt. No. 19 at 5. The second amended petition "was specifically collaborated by [Defendant] to include . . . the allegation that [ ] Plaintiff's actions of calling his children liars caused [his] children to suffer an emotional impairment." *Id.* at 5-6.

statutory definition, *see id.* at ¶¶ 47, 57, and that "Plaintiff's actions of calling the children liars and not supporting [their] emotional needs did not even cause enough emotional damage under the law to rise to the level that constitutes emotional neglect under the legal definition emotional impairment," *id.* at ¶ 48. Plaintiff raised his concerns with the family court judge but was told that no appeal could be made because the agreement had already been reached. *See id.* at ¶ 54.

## III. DISCUSSION

### A. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).

Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002).

When a party moves to dismiss a claim pursuant to Rule 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted). For purposes of such a motion, "the allegations in the complaint are not controlling . . . and only uncontroverted factual allegations are accepted as true. . . ." *Id.* (internal citations omitted). Both the movant and the pleader are permitted to use affidavits and other materials to support and oppose the motion to dismiss for lack of subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "Furthermore, 'jurisdiction must be shown affirmatively, and

that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga*, No. 05 Civ. 2626, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)); *see also State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (holding that, in a motion to dismiss for lack of subject matter jurisdiction, a court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits").

**B.     Defendant's Motion to Dismiss**

   *1. Model Rules of Professional Conduct*

Plaintiff alleges that Defendant violated Rule 8.4 of the Model Rules of Professional Conduct in the family court proceeding by raising a legal argument regarding the admissibility of the CPS Report and securing a settlement in which Plaintiff admitted his conduct amounted to a form of neglect. *See* Dkt. No. 1 at ¶ 72.  "But even assuming the applicability of the Model Rules [in New York] and that [Defendant] violated Rule [8.4], it would not follow that [Defendant] breached a legal duty *to* [*Plaintiff*]." *In re Parmalat Sec. Litig.*, 570 F. Supp. 2d 521, 525 (S.D.N.Y. 2008) (footnote omitted) (citing Model Rules of Prof'l Conduct, Premable and Scope ("Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has breen breached. . . . The Rules . . . are not designed to be a basis for civil liability")).  Accordingly, the complaint's first cause of action is dismissed.

   *2. Section 1983*

"County attorneys who initiate and prosecute child protective orders or litigate family court petitions[] are [ ] entitled to absolute immunity." *Roach v. Clark*, No. 15–CV–0408, 2015 WL 4067504, *7 (N.D.N.Y. July 2, 2015); *see also Cornejo v. Bell*, 592 F.3d 121, 127-28 (2d Cir.

6

2010); *Walden v. Wishengrad*, 745 F.2d 149, 152 (2d Cir. 1984). Absolute immunity extends to actions related to settlement, *see Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir. 1981) (holding that "prosecutor's activities in the plea bargaining context merit the protection of absolute immunity"); *Sneed v. City of New York*, No. 93–CV–4642, 1994 WL 116020, *4 (S.D.N.Y. Mar. 28, 1994) (finding that agency attorneys' actions "in initiating settlement discussion" were protected by absolute immunity), as well as to an attorney's choice of legal arguments, *see Flagler v. Trainor*, 663 F.3d 543, 547 (2d Cir. 2011) (finding that absolute immunity applies to functions "intimately associated with initiating or presenting the State's case"); *Griffin v. Doyle*, No. 12–CV–4359, 2014 WL 2945676, *6 n.6 (E.D.N.Y. June 30, 2014) (finding that "any claims pertaining to legal arguments made by [government laywers] are [ ] barred by absolute immunity"). Defendant's actions related to the family court proceeding fall squarely within the aegis of absolute immunity.[3]

In response, Plaintiff clarifies that he is "not requesting . . . money damages or injunctive relief" but "is only asking the court for a declaratory judgment" so that he can determine whether Defendant's prior actions violated Plaintiff's rights. *See* Dkt. No. 19 at 11. "Nevertheless, given the dismissal of Plaintiff's [other] claims . . ., [his] claims for declaratory relief must also be dismissed." *Morales v. City of New York*, 59 F. Supp. 3d 573, 581 (S.D.N.Y. 2014). By requesting that the Court declare that Defendant violated his rights, Plaintiff "asks the Court only to recognize a past wrong, which, in the context of declaratory relief, does not in itself 'amount to that real and immediate threat of injury necessary to make out a case or controversy.'" *Id.*

---

[3] To the extent Plaintiff's complaint may be read as raising a claim under New York Judiciary Law § 487, the same result holds. *See Rudow v. City of New York*, 822 F.2d 324, 329 (2d Cir. 1987) (holding that an agency staff attorney was "absolutely immune to liability under section 487" and rejecting the argument that "New York's attorney misconduct statute, N.Y. Jud. Law § 487, applies to the prosecutorial acts of municipal attorneys").

(collecting cases) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)); *see also Murdock v. Legal Aid Soc'y*, No. 14–CV–508, 2015 WL 94245, *4 (E.D.N.Y. Jan. 6, 2015) (applying *City of Los Angeles* and dismissing a request for a declaration that a district attorney's actions in a criminal proceeding violated the plaintiff's due process rights). Accordingly, the complaint's second cause of action is dismissed.

### 3. *Leave to Replead*

"While generally, leave to amend should be freely given, the Court may deny leave to replead where amendment would be futile." *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) (citing Fed. R. Civ. P. 15(a)). In the present matter, it would be futile to allow leave to replead because Plaintiff's claims fail as a matter of law and there is no possibility that he can state a plausible claim against Defendant. Thus, the Court will not grant Plaintiff leave to replead, and the complaint is dismissed with prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the *pro se* plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied").

### C. **Plaintiff's Motion to Strike**

In a letter-brief, Plaintiff requests that the Court order the withdrawal of Defendant's (1) memorandum of law because it lacks a table of contents and Defendant has not provided a hard copy of cited authorities that are unpublished or published exclusively on electronic databases in violation of Local Rule 7.1(a)(1), and (2) affidavit and attached exhibits because they contain personal names, birthdays, and sensitive information in violation of Local Rule 8.1. *See* Dkt. No. 18.

The Court notes that Defendant does not cite in his motion papers to any authorities that are unpublished or published exclusively on electronic databases. Plaintiff is correct, however, that Defendant's memorandum of law lacks a table of contents[4] and that Defendant has failed to redact several personal identifiers contained in one of his filings, Dkt. No. 15-2[5]. Nevertheless, "'district courts have "inherent power to decide when a departure from its Local Rules should be excused or overlooked."'" *Dudla v. P.M. Veglio LLC*, No. 13–CV–333, 2016 WL 1068120, *6 (N.D.N.Y. Mar. 15, 2016). Here, "[t]he interests of justice would not be served by disqualifying [Defendant's] papers due to a failure . . . to include a table of contents" because Plaintiff's claims fail as a matter of law. *Id.* For the same reason, Defendant's violation of Local Rule 8.1 does not warrant the striking of his motion. Rather, the Court will restrict the offending filing to court users and the parties to this action to shield it from public view. Accordingly, Plaintiff's motion to strike is denied.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion to strike Defendant's motion to dismiss is **DENIED**; and the Court further

**ORDERS** that Defendant's motion to dismiss Plaintiff's complaint is **GRANTED**; and the Court further

---

[4] Defense counsel is respectfully reminded that, in this District, memoranda of law must contain a table of contents. *See* Local Rule 7.1(a)(1).

[5] While the filed version of the affidavit and its exhibits contains dozens of redactions, Defendant failed to redact the names of minor children and sexual assault victims on several occasions in violation of Local Rule 8.1. The Court stresses the need for a thorough and conscientious review of filings in actions concerning such sensitive matters.

**ORDERS** that the Clerk of the Court shall restrict Defendant's affidavit and the exhibits attached thereto, Dkt. No. 15-2, to court users and the parties to this action; and

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 22, 2017
       Albany, New York

Mae A. D'Agostino
U.S. District Judge